Filed 8/29/14  P. v. Mendez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVIS MENDEZ,<br><br>    Defendant and Appellant. | H039651<br>(Monterey County<br>Super. Ct. No. SS120155) |
| In re DAVIS MENDEZ,<br><br>    on Habeas Corpus. | H040297<br>(Monterey County<br>Super. Ct. No. SS120155) |

Defendant Davis Mendez appeals a judgment of conviction following his plea of no contest to robbery (Pen. Code, § 211).[1]  On appeal, defendant asserts the trial court erred in sentencing him, because it relied on two factors in imposing the upper term that were factually incorrect.  Defendant also asserts the court miscalculated the restitution fine it imposed.

In addition to the appeal, defendant petitions for a writ of habeas corpus on the grounds that he was denied effective assistance of counsel because his attorney failed to object to the court's use of incorrect information as aggravating factors in his sentencing.

---

[1]  All further statutory references are to the Penal Code.

STATEMENT OF THE CASE

In January 2012, the victim was walking home from work in the afternoon, when she felt someone tugging at her purse.  The victim held on to her purse, and defendant pointed a gun at her and told her to give him her purse.  The purse strap broke, and defendant pushed the victim to the ground and he ran away with the purse.  The victim identified defendant as the assailant from a photo lineup.

Defendant was charged with one count of second-degree robbery (§ 211), with the personal use of a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a).)

Defendant pleaded no contest to the robbery charge in March 2013.  In May 2013, the court sentenced defendant to the aggravated term of five years in state prison, and imposed a $1,400 restitution fine.  The firearm enhancement was dismissed.

DISCUSSION

Defendant asserts on appeal that the trial court erred in imposing sentence, because it relied on two aggravating factors that were not factually correct.  Defendant also argues he was denied effective assistance of counsel because his attorney did not object to the court's use of incorrect aggravating factors in sentencing him.  In addition, defendant argues the court erred in calculating the restitution fine.

In defendant's habeas petition, he reasserts his ineffective assistance of counsel claims related to his sentencing.

### Case Number H039651-Appeal

Defendant's argument of sentencing error is based on his assertion that the trial court used two aggravating factors that were factually incorrect.

Here, the court sentenced defendant to the upper term of five years based on six of eight possible aggravating factors.  The court stated: "So probation is denied.  And you're sentenced to the California Department of Corrections and Rehabilitation for the upper term of five years.  And I've selected the upper term of five years because the crime

2

involved violence, bodily harm, threat of great bodily harm and other acts disclosing a high degree of cruelty, viciousness or callousness. You pushed the victim to the ground. And before doing so, hit her in the back of the head. And you were armed with or used a weapon at the time of the commission of the crime. Victim was particularly vulnerable, and you engaged in violent conduct that indicates a serious danger to society. And you were on probation when the crime was committed, and your prior performance on probation was unsatisfactory."

Defendant argues the final two factors—that he was on probation when the crime was committed, and that his prior performance on probation was unsatisfactory were not factually correct. He asserts he was denied affective assistance of counsel, because his attorney failed to object to the court's use of factually incorrect information in sentencing him to the aggravated term. He urges this court to remand the matter to the trial court for re-sentencing based on the true and correct factors.

To prevail on a claim of ineffective assistance of counsel, first, defendant must establish that " 'counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citations.]" (*People v. Ledesma* (1987) 43 Cal.3d 171, 216, quoting *Strickland v. Washington* (1984) 466 U.S. 668, 688.) Second, defendant must show prejudice. Specifically, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington, supra*, 466 U.S. at p. 694; *People v. Staten* (2000) 24 Cal.4th 434, 450-451.)

We note that we "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the

3

ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington, supra*, 455 U.S. at p. 697.)

In this case, the court cited four aggravating factors in addition to the two incorrect factors related to probation. The court only needs one aggravating factor to justify the imposition of the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 730.) Whether or not the two final sentencing factors were incorrect is immaterial; the four factors the court used, including the fact that defendant was armed and used violence in the commission of the crime, support the imposition of the upper term in this case. Defendant cannot establish that he was prejudiced by any alleged error on the part of the trial court, or on the part of his attorney for failing to object.

### *Restitution Fine*

Defendant argues the court erred in imposing the $1,400 restitution fine in this case. Specifically, defendant asserts the court incorrectly used the minimum fine from 2013 when the sentencing occurred, rather than the minimum fine from 2012 when the crime was committed. Defendant argues, and the Attorney General concedes, that his restitution fine should be modified to be $1,200 based on the correct statutory scheme.

Section 1202.4, subdivision (b) provides that the trial court is required to order a defendant convicted of a felony to pay a restitution fine. The statute sets forth the minimum amount of fine that must be imposed. Specifically, the statute states: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting January 1, 2013 and three hundred dollars ($300) starting on January 1, 2014 . . . . [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1)

4

multiplied by the number of years of imprisonment the defendant is ordered to serve . . . ."  (§1202.4, sub. (b)(1)-(2).)

Here, the trial court ordered defendant to: "[p]ay a $280 restitution fine times five, for a total of $1,400." (RT 312)  Defendant asserts this was error, because the crime occurred in January 2012, and as a result, the restitution fine should be $240 multiplied by five, for a total of $1,200.  We accept the Attorney General's concession on this issue, and will order the fine amended to reflect the statute's stated 2012 amounts.

### *Case Number H040297-Writ of Habeas Corpus*

In addition to the present appeal, defendant brings a petition for a writ of habeas corpus asserting he was denied effective assistance of counsel for the sentencing error discussed above.

We reject defendant's assertion in his writ petition that he received ineffective assistance of counsel due to his attorney's failure to object to the court's use of two improper factors in sentencing defendant to the upper term for the same reason we reject it in his appeal; we find defendant suffered no prejudice as a result of counsel's alleged error in failing to object in this case.

## DISPOSITION

In case number H039651, the judgment is modified to reflect that defendant is ordered to pay a restitution fine of $1,200 pursuant to Penal Code, section 1202.4, subdivision (b)(1) and (2).  As modified, the judgment is affirmed.

In case number H040297, the petition for writ of habeas corpus is denied.

5

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.



_____
ELIA, J.

6